**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Civil No. 17-06095 (RBK/JS) |
| v. | : | |
| | : | **OPINION** |
| Francis A. COSKY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon the Motion for Summary Judgment (Doc. No. 13) filed by the United States of America Department of Education ("Plaintiff") in response to the answer (Doc. No. 4) filed by Francis A. Cosky ("Defendant"). For the reasons set forth below, Plaintiff's Motion is **GRANTED.**

## I.    BACKGROUND AND PROCEDURAL HISTORY

On or around September 21, 1991, Defendant executed a promissory note with Sallie Mae Student Loan Marketing Association ("Holder") to consolidate multiple loans Defendant had taken out between 1982 and 1989. (St. of Mat. Fact ¶ 2.) The two loans created by the promissory note were for values of $16,617.00 and $11,872.00 respectively, with annual interest rates of 9.00%, and were disbursed on November 15, 1991. (Pl. Br. at 2–3.) The two loans were guaranteed by the New Jersey Higher Education Assistance Authority ("Guarantor"), and reinsured by the United States Department of Education. (*Id.*)

Plaintiff asserts that Defendant defaulted on his loan repayment obligations on July 28, 1996. (St. of Mat. Fact ¶ 4.) As a result of Defendant's default, Guarantor made a payment of

$37,953.00 to Holder. (*Id.*) Guarantor was unable to collect the amount of this payment from Defendant, and on October 9, 2010, assigned its right and title to the two loans to Plaintiff. (*Id.*)

Plaintiff had a similarly difficult time collecting on the debt from Defendant. The principal amount at the time of default, $37,953.00, remains unpaid. (*Id.*) As of May 10, 2017, interest on this principal value, accumulating at a 9.00% annual rate, totaled $65,341.97. (Compl. at 3.) Thus, Plaintiff contends that Defendant has an outstanding payment obligation of $103,294.97, as of May 10, 2017, plus any additional interest that has accrued since then. (*Id.*)

Plaintiff filed a complaint (Doc. No. 1) against Defendant on August 11, 2017. Defendant filed an answer (Doc. No. 4) on October 2, 2017. Plaintiff responded with a Statement of Material Facts (Doc. No. 15) and a Motion for Summary Judgment (Doc. No. 13) on February 15, 2018.

## II.    JURISDICTION

The United States is the Plaintiff in the case at hand. 28 U.S.C. § 1345 provides that "the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States . . . ." This Court may properly exercise jurisdiction over this dispute.

## III.    STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate only when the moving party can establish that there is no dispute as to a genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). A genuine dispute of material fact exists if the evidence is such that a reasonable jury could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When a court weighs the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996). The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

If the party seeking summary judgment makes this showing, it is left to the nonmoving party to "do more than simply show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Furthermore, "[w]hen opposing summary judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'" *Corliss v. Varner*, 247 Fed. App'x 353, 354 (3d Cir. 2002) (citing *Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2002)).

On motions for summary judgment in the District of New Jersey, the movant is required to furnish a statement of material facts as to which there are no genuine disputes. L. Civ. R. 56.1(a). Similarly, the opponent of summary judgment must also submit a responsive statement of material facts, indicating agreement or disagreement with each fact set forth by the moving party in its statement. *Id.* This responsive statement of material facts must be a separate document from a brief, complaint, or answer. *Id.* The failure of the nonmoving party to submit an opposing statement of material facts will result in each fact described in movant's statement of material facts being "deemed undisputed for purposes of the summary judgment motion." *Id.*

## IV. DISCUSSION

Defendant has failed to make a concrete showing that summary judgment would be inappropriate in the case at hand. As an initial matter, Defendant has failed to file the necessary documents required by Local Civil Rule 56.1 to dispute the facts asserted in Plaintiff's motion for summary judgment. Although Defendant does deny several of Plaintiff's factual assertions in its answer, this is not enough to satisfy the requirements of Rule 56.1(a). Without a separately filed opposing statement of material facts in which Defendant expressly affirms or denies each fact as laid out by Plaintiff, Defendant shall be deemed to affirm and assent to the facts as set forth by Plaintiff. L. Civ. R. 56.1(a). Thus, although Defendant's answer to Plaintiff's complaint reads in pertinent part, "4. Denied," this does not constitute the required separate document to successfully dispute a fact on a motion for summary judgment. Furthermore, the Court notes that, setting aside the Local Rules requirement of a separate document disputing facts, an answer is not legally sufficient for disputing a summary judgment motion. *See, e.g.*, *In re Lutz*, 2011 WL 2144535, at *1 (Bankr. N.D. Ohio May 31, 2011) (holding that even when a party denies a charge in an answer, it will not be considered a response to a motion for summary judgment). Therefore, even if this Court were to find that Defendant had met the requirements set forth in Local Civil Rule 56.1(a), the bald affirmative defenses offered in the answer, mere allegations devoid of factual support, are not enough to withstand a summary judgment motion.

Even if this Court were to ignore the strict requirements set forth in Local Civil Rule 56.1(a) and were to read Defendant's answer as an adequate legal response to Plaintiff's statement of facts and motion for summary judgment, this Court would still find that Defendant did not successfully dispute Plaintiff's claims. In Defendant's answer to the complaint, Defendant denies the allegation that he defaulted on his loan repayment requirements but fails to offer any support for his denial.

4

The answer simply read, in pertinent part, "4. Denied." This "mere allegation[]" falls short of the facts necessary to contradict those asserted by the movant. *Corliss*, 247 Fed. App'x at 354. While Defendant does list six affirmative defenses in his answer, each defense is entirely devoid of factual support. Defendant simply asserts five times that "Plaintiff is barred by" a different legal doctrine,[1] but Defendant has not raised these arguments in opposition to the motion for summary judgment. Similarly, Defendant asserts that Plaintiff has failed to state a cause of action, but as with the other affirmative defenses, Defendant offers no support whatsoever for his claim. Defendant is "rest[ing] upon mere allegations" rather than providing the concrete facts necessary to "contradict the facts identified by [Plaintiff]." *Id.*

By failing to meet the requirements of the Local Civil Rules, by failing to provide even the faintest hint of a factually-based response to Plaintiff's claims, and by failing to show that there is any dispute as to a material fact, Defendant has failed to meet his burden to successfully oppose summary judgment.

Even when a summary judgment motion is unopposed, as it is here, the Court must still determine whether the motion for summary judgment is appropriate. *See* Fed. R. Civ. P. 56(e). The Court must review the unopposed record to determine if the defendant is entitled to judgment as a matter of law, notwithstanding the plaintiff's silence. *See Anchorage Assoc. v. Virgin Islands Bd. of Tax Rev.*, 922 F.2d 168, 175 (3d Cir. 1990) ("[A] district court, before granting a summary judgment motion . . . must first determine whether summary judgment is appropriate—that is, whether the moving party has shown itself to be entitled to judgment as a matter of law."). In its complaint, Plaintiff states that—as the insurer of Guarantor's loan obligation—it has the power to

---

[1] Plaintiff raises affirmative defenses of: Accord and Satisfaction, Statute of Limitations, Latches, Unclean Hands, and Equitable Estoppel.

assume all rights and titles to the loan obligation upon the request of Guarantor, pursuant to 20 U.S.C. § 1080(b). Because Defendant has failed to file a response to Plaintiff's summary judgment motion, Defendant will be presumed to not object to this assertion. The Court finds that Plaintiff's claim, taken as true because it is not disputed by Defendant, does indeed indicate that summary judgment is appropriate in the case at hand—Plaintiff has the statutory power to pursue a court order for repayment of a loan obligation. *See, e.g.*, *U.S. v. Mance*, 2017 WL 4857566, at *2 (E.D.N.Y. Oct. 24, 2017) (holding that 20 U.S.C. § 1080 "establish[es] a legitimate cause of action entitling Plaintiff to relief.")

V.     **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Summary Judgment is **GRANTED.** An appropriate order shall follow.


Dated:     07/12/2018                          /s Robert B. Kugler
                                               ROBERT B. KUGLER
                                               United States District Judge